UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN M. BELL,<br><br>        Plaintiff,<br><br>    v.<br><br>GODWIN UGWUEZE, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00998-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF. No. 9) |

On August 2, 2021, Sherman M. Bell ("Plaintiff") filed a motion for reconsideration. (ECF No. 9). For the reasons described in this order, the Court will deny the motion.

**I.    BACKGROUND**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 24, 2021. (ECF No. 1). Plaintiff alleges that prison officials were deliberately indifferent to his serious medical needs because they knew that his prescription for gabapentin was due to expire yet took no action to ensure a prescriber reviewed Plaintiff's prescription before it expired. Plaintiff also sues supervisory personnel.

On June 29, 2021, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 7). The Court gave Plaintiff thirty days to either file a First Amended Complaint or notify the Court that he wants to stand on his complaint. (Id. at 12).

1

On August 2, 2021, Plaintiff filed a motion for reconsideration.  (ECF No. 9).

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(6), plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (Id.) (citation and internal quotation marks omitted).

## III.   ANALYSIS OF PLAINTIFF'S MOTION FOR RECONSIDERATION

First, Plaintiff argues that the Court should revise its screening order because Plaintiff seeks relief under 28 U.S.C. § 959[1] as well as 28 U.S.C. § 1983, but the Court did not address § 959.  Plaintiff's argument is not entirely clear.  To begin, the Court notes that 28 U.S.C. § 959 is not mentioned in Plaintiff's complaint at all.  Thus, the Court did not err in not considering claims brought pursuant to this section.

Moreover, while Plaintiff argues that this section allows him to sue a receiver's agents, even if Plaintiff is correct, Plaintiff nonetheless failed to state a constitutional claim against any of

---

[1] 28 U.S.C. § 959(a) states: "Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury."

2

the individuals identified as the receiver's agents.

Similarly, even if Plaintiff is correct that Clark Kelso is not entitled to immunity, Plaintiff is not suing Clark Kelso and the Court did not find that any defendant was entitled to immunity. Moreover, as analyzed in the screening order, "[t]here are no factual allegations suggesting that any defendant knew that Plaintiff's gabapentin prescription was about to expire and that it should be refilled, yet decided to take no action. Moreover, it appears that Plaintiff received medication within approximately one week, and there are no factual allegations suggesting that this delay was due to any defendants' deliberate indifference." (ECF No. 7, p. 10) (footnote omitted).

Finally, there is no indication from the text of section 28 U.S.C. § 959 or in any of the cases cited by Plaintiff that 28 U.S.C. § 959 created an independent cause of action.

To the extent Plaintiff is arguing that he attempted to bring state law claims pursuant to 959, there is no indication in Plaintiff's complaint that he intended to bring a state law claim against any defendant. Thus, the Court did not err in not considering those claims.

Moreover, Plaintiff did not plead compliance with the Government Claims Act, and thus failed to state any state law claims in any event. California's Government Claims Act[2] requires that a claim against the State[3] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. Bodde, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Thus, the Court did not make an error in failing to consider claims brought pursuant to §

---

[2] This Act was formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[3] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

3

959.

Next, Plaintiff argues that he sufficiently stated an Eighth Amendment claim and that the Court's analysis is wrong. However, Plaintiff is incorrect. Even if Plaintiff sufficiently alleged that certain defendants knew his gabapentin prescription was about to expire,[4] he did not sufficiently allege that they knew it should be refilled or that they were responsible for getting it refilled.

Finally, Plaintiff asks the Court to revise the screening order to identify the deficiencies in his claim. This request will be denied because the Court already identified the deficiencies. As stated in the screening order:

> Plaintiff's complaint largely consists of conclusory statements. There are no factual allegations suggesting that any defendant knew that Plaintiff's gabapentin prescription was about to expire and that it should be refilled, yet decided to take no action. Moreover, it appears that Plaintiff received medication within approximately one week, and there are no factual allegations suggesting that this delay was due to any defendants' deliberate indifference.
>
> Plaintiff does state, in a conclusory fashion, that Defendants should have known to act, but as discussed above, even civil recklessness is insufficient to state an Eighth Amendment deliberate indifference claim.
>
> Finally, to the extent Plaintiff is suing supervisors, as discussed above, there is no *respondeat superior* liability, and Plaintiff failed to allege a causal link between any supervisory defendant and the alleged constitutional violation.

(ECF No. 7, p. 10) (footnote omitted).

As Plaintiff has failed to set forth facts or law that shows that he meets any of the above-mentioned reasons for granting reconsideration, Plaintiff's motion for reconsideration will be denied.

**IV.    ORDER**

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motion for reconsideration (ECF No. 7) is DENIED.

---

[4] Contrary to what Plaintiff states in his motion for reconsideration, in his complaint he did not allege that each defendant knew that his gabapentin prescription was going to expire. Instead, he alleges that they knew … *or should have known*…." (See, e.g., ECF No. 1, p. 4) (emphasis added). As discussed in the screening order, "Plaintiff does state, in a conclusory fashion, that Defendants should have known to act, but … even civil recklessness is insufficient to state an Eighth Amendment deliberate indifference claim." (ECF No. 7, p. 10).

4

As the Court is denying Plaintiff's motion for reconsideration, IT IS FURTHER ORDERED that Plaintiff has thirty days from the date of service of this order to respond to the Court's screening order. The Court notes that Plaintiff may choose to stand on his complaint, in which case the Court will issue findings and recommendations recommending that this action be dismissed and Plaintiff will have a chance to raise these objections with the district judge.

IT IS SO ORDERED.

Dated: **August 5, 2021**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE