1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN M. BELL,<br><br>        Plaintiff,<br><br>    v.<br><br>GODWIN UGWUEZE, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00998-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 13)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

       Sherman M. Bell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 24, 2021. (ECF No. 1). Plaintiff alleges that certain defendants failed to timely renew his gabapentin prescription and that their supervisors are responsible for their failure to do so.

       On June 29, 2021, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 7). The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his complaint." (Id. at 12). On August 2, 2021, Plaintiff filed a motion for reconsideration of the screening order. (ECF No. 9). On August 5, 2021, Plaintiff's motion for reconsideration was

1

denied. (ECF No. 10).

On October 27, 2021, Plaintiff filed his First Amended Complaint. (ECF No. 13). The Court has reviewed Plaintiff's First Amended Complaint, and for the reasons described in this order will recommend that this action be dismissed, with prejudice, for failure to state a claim.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.     SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges as follows in his First Amended Complaint:

At all relevant times, Plaintiff was incarcerated at the California Substance Abuse Treatment Facility and State Prison.

Each defendant was employed as an agent of defendant Kelso to provide for Plaintiff's healthcare needs.

At the time Plaintiff's claims arose, Plaintiff had suffered from chronic neuropathic pain for more than a decade due to spinal injuries.

Over that time, to treat Plaintiff's pain, various healthcare providers, including defendant Nyenke (the Chief Physician and Surgeon), have prescribed gabapentin.

On or about April 3, 2018, to treat Plaintiff's pain, defendant Nyenke prescribed Plaintiff a 120-day supply of gabapentin at 600 milligrams per dose, to be taken three times per day. The prescription was set to expire on August 8, 2018.

Defendant Lepe, a licensed vocational nurse, dispensed gabapentin to Plaintiff on August 3, 4, and 6, 2018.

Defendant Tamale, a licensed vocational nurse, dispensed gabapentin to Plaintiff on July 30 and 31, 2018, as well as on August 4, 5, 6, and 7, 2018.

Defendant Espinosa, a licensed vocation nurse, dispensed gabapentin to Plaintiff on July 30, 2018.

Defendant Wickert, a licensed vocational nurse, dispensed gabapentin to Plaintiff on August 2, 5, and 7, 2018.

Defendant Basa, a licensed vocational nurse, dispensed gabapentin to Plaintiff on August 1 and 3, 2018.

Defendant Racca, a licensed vocational nurse, dispensed gabapentin to Plaintiff on July 31, 2018, and August 1, 2018.

Defendant Abraham, a licensed vocational nurse, dispensed gabapentin to Plaintiff on July 31, 2018, and August 2, 2018.

On August 7, 2018, at approximately 4:00 p.m., the last dose of the prescription was dispensed to Plaintiff.

On August 14, 2018, Plaintiff submitted a Health Care Services Request Form, inquiring about the status of the prescription. On that same day, defendant McCoy, a registered nurse and a member of Plaintiff's Primary Care Team, retrieved the form that Plaintiff submitted. On that same day, sometime after defendant McCoy retrieved the form, defendant Merritt, a nurse practitioner who was member of Plaintiff's Primary Care Team and his Primary Care Provider, submitted a request to defendant Nyenke to renew the prescription. On that same day, at approximately 9:00 a.m., defendant Nyenke renewed the prescription with a start date of August 16, 2018, at 7:00 a.m.

From August 8, 2018, through August 16, 2018, Plaintiff was without any treatment and experienced severe physical pain.

Defendants Nyenke, Merritt, McCoy, Lepe, Tamale, Espinosa, Wickert, Basa, Racca, and Abraham knew that the prescription was set to expire on August 8, 2018.

Defendants Merritt, McCoy, Lepe, Tamale, Espinosa, Wickert, Basa, Racca, and Abraham knew that without a referral to renew the prescription, Plaintiff's treatment would be discontinued.

Defendants Merritt, McCoy, Lepe, Tamale, Espinosa, Wickert, Racca, and Abraham took no action to refer Plaintiff to a licensed healthcare provider to renew the prescription.

Defendants McCoy, Fritz, Merritt, Nyenke, Ugwueze, and Cryer failed to adequately supervise their subordinates in the performance of their duties.

Defendants McCoy, Fritz, Merrit, Nyenke, Ugqueze, and Cryer knew that their failure to adequately supervise their subordinates in the exercise of their duties would cause their co-defendants to commit or omit the acts alleged.

\\\

\\\

### III. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

#### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

        B. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires

Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

The Court finds that Plaintiff's First Amended Complaint fails to state a claim against any defendant. There are no factual allegations suggesting that any defendant knew that Plaintiff's gabapentin prescription was about to expire and that it should be refilled, yet decided

to take no action. Notably, Plaintiff does not allege that he had any medical appointment with any defendant before the prescription expired in which he asked for the prescription to be renewed. Nor does he allege he filed any written request for renewal before expiration. He also does not allege that any defendant said or otherwise indicated that the prescription would expire and should be renewed.

While Plaintiff alleges, in a conclusory fashion, that the licensed vocational nurses who dispensed his gabapentin knew that his prescription was about to expire, Plaintiff does not allege any facts suggesting how they knew. Moreover, even had Plaintiff sufficiently alleged that the licensed vocational nurses knew that his gabapentin prescription was about to expire, he did not sufficiently allege that they knew it should be refilled or that they were responsible for getting it refilled.

Finally, there are no facts alleged suggesting that any defendant intentionally failed to renew the prescription or to assist Plaintiff in getting it renewed. Based on Plaintiff's allegations, the first time Plaintiff inquired about his gabapentin prescription was on August 14, 2018, when he submitted a Health Care Services Request Form. And, on that same day, defendant McCoy retrieved the form submitted by Plaintiff, defendant Merritt submitted a request to defendant Nyenke to renew the prescription, and by approximately 9:00 a.m. on that same day, defendant Nyenke renewed the prescription with a start date of August 16, 2018, at 7:00 a.m.

Thus, there are no allegations suggesting that that any defendant knew that Plaintiff's gabapentin prescription was about to expire and that it should be refilled, yet decided to take no action. On the same day that a defendant was made aware that Plaintiff's prescription was expiring, it was renewed. Therefore, at most, Plaintiff has alleged that certain defendants acted negligently in failing to timely renew Plaintiff's gabapentin prescription, which is not sufficient to state an Eighth Amendment claim for deliberate indifference to his serious medical needs.

As to Plaintiff's claims based on supervisory liability (among others, Plaintiff sues the Receiver appointed by the District Court for the Eastern District of California and Chief Executive Officers of California Correctional Health Care Services at his prison), Plaintiff

failed to sufficiently allege that any of their subordinates violated Plaintiff's constitutional rights. Moreover, as discussed above, there is no *respondeat superior* liability, and Plaintiff failed to sufficiently allege a causal link between the action or inaction of any supervisory defendant and the alleged constitutional violation.[1]

### IV. RECOMMENDATIONS AND ORDER

The Court recommends that this action be dismissed without granting Plaintiff further leave to amend. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. The Court also addressed the deficiencies in Plaintiff's complaint in its order denying Plaintiff's motion for reconsideration. Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order and the order denying Plaintiff's motion for reconsideration, but failed to cure the deficiencies identified by the Court. Thus, it appears that further leave to amend would be futile.

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, with prejudice, for failure to state a claim; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be

---

[1] It is not clear, but it appears that Plaintiff may be attempting to assert a separate claim pursuant to 28 U.S.C. § 959. Section 959(a) states: "Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury." Plaintiff raised this section in his motion for reconsideration, and as the Court informed Plaintiff when denying that motion, "there is no indication from the text of section 28 U.S.C. § 959 or in any of the cases cited by Plaintiff that 28 U.S.C. § 959 created an independent cause of action." (ECF No. 10, p. 3).

To the extent Plaintiff is citing this section to show that he can sue defendant Kelso, even assuming that this section allows Plaintiff to sue defendant Kelso for violating his constitutional rights, as discussed above, Plaintiff failed to sufficiently allege that his constitutional rights were violated.

served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

     Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **October 28, 2021**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE